UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAYNE WONG,<br><br>  Plaintiff,<br><br>v.<br><br>TRANSPORT WORKERS UNION, LOCAL 100, AFL-CIO; TONY UTANO, in his official capacity as the President of Transport Workers Union, Local 100, AFL-CIO; METROPOLITAN TRANSPORTATION AUTHORITY; METROPOLITAN TRANSPORTATION AUTHORITY–NEW YORK CITY TRANSIT; ROBERT E. FORAN, in his official capacity as the Chief Financial Officer of the Metropolitan Transportation Authority,<br><br>  Defendants. | Case No. 1:21-cv-1221<br><br>Hon. _____<br><br>**COMPLAINT** |

AND NOW comes Plaintiff Wayne Wong, by and through his undersigned attorneys, and states the following claims for relief against Defendants Transport Workers Union, Local 100, AFL-CIO ("TWU 100"); Tony Utano, in his official capacity as the President of Transport Workers Union, Local 100, AFL-CIO; Metropolitan Transportation Authority ("MTA"); Metropolitan Transportation Authority–New York City Transit[1]; and Robert E. Foran, in his official capacity as the Chief Financial Officer of the Metropolitan Transportation Authority, and avers as follows:

**SUMMARY OF THE CASE**

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 for permanent injunctive relief, declaratory relief, and monetary relief to redress and to prevent the deprivation of rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States

---

[1] MTA and MTA–New York City Transit are referred to collectively herein as "Employer."

1

Constitution caused by state statutes and Defendants' contracts, policies, and practices that impair TWU 100 members' ability to resign their union memberships and/or end financial support of TWU 100.

2. In so doing, Defendants have acted under the color of state law, specifically the Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law, Article 14 (the "Taylor Law"), and/or other state law or policy and are therefore state actors.

3. Pursuant to the Taylor Law and agreements between Employer and TWU 100, setting forth terms and conditions of employment for certain public employees, including Mr. Wong, Defendants have deprived, are depriving, and are threatening to continue to deprive Mr. Wong of his constitutional rights. Specifically, TWU 100, acting in concert with Employer through their officers and officials, requires Mr. Wong to remain a member of TWU 100 and its affiliates and/or to financially support TWU 100 by restricting or ignoring his right to resign from union membership and his right to end all aspects of union membership and by refusing to acknowledge and/or accept Mr. Wong's resignation and revocation of dues authorization, all under the color of state law.

4. Despite Mr. Wong's resignation from TWU 100 and its affiliates, Defendants continue to deduct union dues and/or fees from his wages. Therefore, in addition to injunctive and declaratory relief, Mr. Wong also seeks compensatory and nominal damages for the violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States of America. It also arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of Mr. Wong's rights, privileges, and immunities under the Constitution of the United States, particularly the First and Fourteenth Amendments thereto.

6. The Court has jurisdiction over Mr. Wong's claims pursuant to 28 U.S.C. § 1331—because his claims arise under the Constitution of the United States—and 28 U.S.C. § 1343—because Mr. Wong seeks relief under 42 U.S.C. § 1983.

7. This action is an actual controversy in which Mr. Wong seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare plaintiffs' rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a defendant, TWU 100, is domiciled in and operates or does significant business in this judicial district. Additionally, a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

9. Plaintiff Wayne Wong is a "public employee" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.7 (McKinney 2020), employed as a train operator for the last six years by Employer. Mr. Wong is employed in a bargaining unit represented, exclusively for purposes of collective bargaining, by TWU 100. Mr. Wong was a member of TWU 100, but has not been a member of TWU 100 since the date of his resignation letter.

10. Defendant TWU 100 is an "employee organization" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.5. TWU 100 represents certain MTA employees, including Mr. Wong, exclusively for purposes of collective bargaining with Employer. TWU 100 maintains a place of business at 195 Montague Street, 3rd Floor, Brooklyn, New York, and conducts its business and operations throughout the New York City metropolitan area, including the Eastern District of New York.

11. Defendant Tony Utano is the President of TWU 100, and has control over the operation of TWU 100, and is sued in his official capacity.

12. Defendant MTA is a "government" or "public employer" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.6. MTA is a party to a collective bargaining agreement and other agreements governing the terms and conditions of Mr. Wong's employment.

13. Defendant MTA–New York City Transit is a "government" or "public employer" within the meaning of the Taylor Law, *see* N.Y. Civ. Serv. Law § 201.6. MTA–New York City Transit is a party to a collective bargaining agreement and other agreements governing the terms and conditions of Mr. Wong's employment.

14. Defendant Robert E. Foran is sued in his official capacity as the Chief Financial Officer of MTA. In this position, Defendant Foran has decision-making and policy-making authority for MTA and MTA–New York City Transit. Defendant Foran is responsible for, among other things, MTA's Treasury and Comptroller Departments, which issue wages to employees including Mr. Wong. He oversees the payroll system for MTA–New York City Transit, which includes processing all payroll deductions, including union dues and/or fees pursuant to the requirements of relevant collective bargaining agreements, other agreements, and the Taylor Law.

**FACTUAL ALLEGATIONS**

15. Acting in concert under color of state law, Employer and TWU 100 have entered into a collective bargaining agreement and other agreements that control the terms and conditions of Mr. Wong's employment.

16. Pursuant to certain terms of a collective bargaining agreement and/or other agreements, Employer deducts union dues and/or fees from its employees' wages for TWU 100, and transmits them to TWU 100.

17. State law requires Employer to extend to TWU 100 the right to dues deductions from the wages of Employer's employees. Specifically, the Taylor Law provides, "A public employer shall extend to an employee organization certified or recognized pursuant to this article the

4

following rights: . . . (b) to membership dues deduction, upon presentation of dues deduction authorization cards signed by individual employees. . . ." N.Y. Civ. Serv. Law § 208.1.

18. The Taylor Law also provides that "[t]he right to such membership dues deduction shall remain in full force and effect until: (i) an individual employee revokes membership in the employee organization in writing in accordance with the terms of the signed authorization." N.Y. Civ. Serv. Law § 208.1.

19. Mr. Wong became a union member after beginning his employment with Employer as a train operator.

20. Mr. Wong resigned his union membership and sought to end dues deductions via written notice to TWU 100 on or about June 22, 2020.

21. Employer, by and through Defendant Foran and/or his agents or officials, also received a copy of Mr. Wong's resignation letter on or about June 22, 2020.

22. Mr. Wong's written resignation from TWU 100 requested that TWU 100 and Employer provide him with a copy of anything that Mr. Wong signed that Employer or TWU 100 believed to be the basis for refusing to allow Mr. Wong to resign his TWU 100 membership and/or revoke his dues deductions authorization.

23. No Defendant has provided Mr. Wong with a copy of any membership agreement or dues deduction authorization allegedly signed by Mr. Wong.

24. Upon information and belief, Employer requires its employees represented by TWU 100 to effectuate their union membership resignation and/or revocation of union dues deduction authorizations through TWU 100.

25. Employer denies union members' requests to resign union membership and/or end union dues deductions from their wages without authorization from TWU 100.

5

26. Pursuant to its policies, practices, and/or decisions enacted and/or acted upon by Employer's officials, Employer refuses to end the deductions of TWU 100 dues and/or fees from Mr. Wong's wages.

27. In response to Mr. Wong's resignation letter, an agent or official of Employer stated that Mr. Wong must contact TWU 100 to end his union dues deductions.

28. Further, Employer stated that TWU 100 would have to "inform [Employer] to cancel the deductions" from Mr. Wong's wages.

29. In approximately July 2020, Mr. Wong contacted TWU 100 regarding the status of his June 2020 resignation. In response to his inquiry, a TWU agent and/or official told Mr. Wong that he had to fax his resignation letter to TWU 100.

30. After his June 2020 resignation letter was faxed to TWU 100, Mr. Wong again contacted TWU 100 in July 2020 regarding his resignation from TWU 100, and a TWU 100 agent and/or official then told Mr. Wong that he had to hand-deliver a letter resigning his union membership to the president of TWU 100, Defendant Utano.

31. On or about July 29, 2020, Mr. Wong hand-delivered an additional resignation letter to the office of TWU 100 and Defendant Utano.

32. To date, TWU 100 has not recognized and/or honored Mr. Wong's resignation of TWU 100 membership or his dues deduction authorization revocation.

33. No defendant to this matter has provided Mr. Wong with notice of his constitutional rights as a nonmember to not pay any union dues and/or fees to TWU 100 or its affiliates or to due process, including notice and an opportunity to object to how any nonconsensual union dues and/or fees taken from him are used.

34. Mr. Wong has never waived his constitutional rights as a nonmember not to pay union dues and/or fees to TWU 100.

35. Since on or about June 23, 2020, Mr. Foran, in his role overseeing MTA's Treasury Department, has continued to deduct purported union dues and/or fees from Mr. Wong's wages.

36. Since on or about June 23, 2020, TWU 100 has continued to consider Mr. Wong a member of TWU 100 and to take and/or accept purported union dues and/or fees from Mr. Wong's wages.

37. Acting in concert under color of state law, Defendants have taken and continue to take and/or have accepted and continue to accept purported union dues and/or fees from Mr. Wong's wages as a condition of employment pursuant to state law, a collective bargaining agreement between them, and/or their joint policies and practices.

38. Defendants have taken and continue to take and have accepted and continue to accept purported union dues and/or fees from Mr. Wong's wages even though the seizure of purported union dues and/or fees from his wages is against Mr. Wong's will and without his consent.

39. Mr. Wong objects to the compelled association with and financial subsidization of any activities of TWU 100 and/or its affiliates for any purpose.

## CLAIMS FOR RELIEF

### COUNT ONE
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

40. Mr. Wong re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

41. The First Amendment to the Constitution of the United States protects associational, free speech, and free choice rights, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the States.

42. The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

43. There is no state interest, compelling or otherwise, justifying the requirement that individuals remain members of or provide financial support to a private organization, including a labor organization, for any length of time.

44. The Taylor Law, Sections 201 and 208, on their face and/or as applied by Defendants, and/or Defendants' agreements, authorize and/or require Employer, by and through its agents and officials, and TWU 100 to force public employees to remain TWU 100 members and/or full union dues payers despite their expressed intention to resign union membership and/or end financial support of TWU 100, in violation of public employees' rights under the First Amendment.

45. The Taylor Law, Sections 201 and 208, on their face and/or as applied by Defendants, permit Defendants to require that public employees maintain unwilling association with and financial support of TWU 100 and is, therefore, unconstitutional. This forced membership requirement impinges on Mr. Wong's rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience, as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

46. The Taylor Law, on its face and/or as applied by Defendants, authorizes Defendants to violate Mr. Wong's constitutional rights by withholding union dues and/or fees from him without his consent, in violation of the Constitution of the United States as explained in *Janus*, 138 S. Ct. 2448.

47. Because Mr. Wong has resigned his TWU 100 membership, the First Amendment protects him as a nonmember public employee from having Defendants deduct nonconsensual financial support for TWU 100 from his wages as a condition of employment.

48. A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

49. Mr. Wong has not waived his constitutional right as a nonmember not to provide financial support via payroll deduction or other method to TWU 100.

50. Defendants, by deducting and collecting financial support for TWU 100 from Mr. Wong's wages via payroll deduction, despite his resignation from TWU 100 and his revocation of consent to union dues deductions, pursuant to Employer's policies, practices, and/or Defendant Foran's decisions, and without clear and compelling evidence that Mr. Wong has waived his constitutional rights, are depriving Mr. Wong of his First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

51. As a direct result of Defendants' actions taken under the Taylor Law, a collective bargaining agreement between Employer and TWU 100, and/or Defendants' joint policies and practices, Mr. Wong:

    a. has been prevented from exercising his rights and privileges to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

    b. has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

9

c. is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in imminent danger of suffering monetary damages and other harm; and

d. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights for which there is no adequate remedy at law.

52. If not enjoined by this Court, Defendants and/or their agents and officials will continue to effect the aforementioned deprivations and abridgments of Mr. Wong's constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

**COUNT TWO**
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

53. Mr. Wong re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

54. The Fourteenth Amendment to the Constitution of the United States guarantees due process to those facing deprivation of liberty or property by state actors. *See Mathews v. Eldridge*, 424 U.S. 319, 348–49 (1976).

55. Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and facilitate the protection of public employees' rights. *See Chi. Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

56. Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Mr. Wong's constitutional rights, including the constitutionally

required procedures and disclosures regarding the use of union dues and/or fees taken from him as a condition of employment, as recognized in *Hudson*.

57. Defendants have not provided Mr. Wong with notice of or a meaningful opportunity to object to the continued seizure of a portion of his wages via payroll deductions by Defendants or the use of his funds by TWU 100.

58. Mr. Wong has never waived his due process rights, including his right not to subsidize the speech and activities of TWU 100.

59. As a direct result of Defendants' concerted actions, taken pursuant to state law, a collective bargaining agreement between Employer and TWU 100, and their joint policies and practices, Mr. Wong:

   a. is being prevented from exercising his rights and privileges to disassociate from and no longer support the agenda, activities, speech, and expenses of a private organization that he objects to supporting;

   b. is being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and has suffered monetary damages and other harm; and

   c. is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

60. If not enjoined by this Court, Defendants and/or their agents and officials will continue to effect the aforementioned deprivations and abridgments of Mr. Wong's constitutional rights, thereby causing him irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court order the following relief:

A. **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

    i. that Defendants' actions in forcing Mr. Wong to remain a member of TWU 100, and the Taylor Law provisions contained in Sections 201 and 208, to the extent they relate to, authorize, and/or require Defendants to do so, on their face and/or as applied, violate the First and Fourteenth Amendments to the United States Constitution;

    ii. that any taking of union dues and/or fees from Mr. Wong after his resignation of membership in TWU 100 violates his rights under the First and Fourteenth Amendments to the Constitution of the United States, and that any provisions of the Taylor Law, a collective bargaining agreement between Employer and TWU 100, and/or any other purported authorizations that authorize or require such deductions of union dues and/or fees from Mr. Wong are unconstitutional; and

    iii. that the First and Fourteenth Amendments to the Constitution of the United States prevent Defendants from restricting Mr. Wong's right to resign from union membership at any time;

    iv. or, alternatively, that the First and Fourteenth Amendments require Defendants to provide Mr. Wong with constitutionally adequate notice and a meaningful opportunity to object to the nonconsensual monies being seized from him and the purposes for which the monies are used, including the notice and procedures required by *Hudson*.

B. **Injunctive:** A permanent injunction:

      i.      enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

        a.      engaging in any of the activities listed in Part A above, which this Court declares illegal;

        b.      enforcing any provisions in the Taylor Law, a collective bargaining agreement between Employer and TWU 100, Defendants' policies and practices, and/or any subsequent substantially similar provisions agreed to between TWU 100 and Employer, which require Mr. Wong to remain a member of TWU 100 and/or its affiliates for any duration of time beyond that which Mr. Wong wishes to remain a member; and

      ii.      requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, to:

        a.      recognize and honor Mr. Wong's request to resign from membership in TWU 100 and its affiliates, retroactive to the date of his resignation; and

        b.      refund to Mr. Wong all union dues and/or fees deducted from his wages from the date of his resignation, plus interest thereon;

        c.      or, alternatively, to provide constitutionally adequate notice and procedures regarding the payroll deductions of forced financial support of TWU 100 from Mr. Wong's wages.

C.      **Monetary:** A judgment awarding Mr. Wong nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights including, but not limited to, the amount of union dues and/or fees deducted from his wages after Mr. Wong's resignation from TWU 100, plus interest thereon, and such amounts as principles of justice and compensation warrant.

D. **Attorneys' Fees and Costs:** A judgment awarding Mr. Wong costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

E. **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 8, 2021

**s/ Tyler K. Patterson**
Tyler K. Patterson
NYS Attorney I.D. No. 5076930
Email: tkpatterson@fairnesscenter.org
Nathan J. McGrath*
Email: njmcgrath@fairnesscenter.org
Danielle R. Acker Susanj*
Email: drasusanj@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Suite 600B
Harrisburg, Pennsylvania 17101
Telephone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*

*motions for admission *pro hac vice* to be filed